ERIC GRANT
Deputy Assistant Attorney General
VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.1133 (Waldref)/4.149 (Hill)/4.1406 (Carter)
Washington, D. C.  20002
Telephone:  (202) 514-2741 (Waldref)
            (202) 514-0375 (Hill)
            (202) 598-3141 (Carter)
Facsimile: (202) 514-8865

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, SOUTH CAROLINA NATIVE PLANT SOCIETY, AMIGOS BRAVOS, NATURAL RESOURCES DEFENSE COUNCIL, SAVANNAH RIVERKEEPER, and WATERKEEPER ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW R. WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | Case No. 2:20-cv-03062-DCN<br><br>**EPA'S ANSWER** |

Defendants Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency, and the United States Environmental Protection Agency (collectively, "EPA" or "Defendants"), hereby respond to the Complaint filed by the South Carolina Coastal Conservation League, South Carolina Native Plant Society, Amigos Bravos, Natural Resources Defense Council, Savannah Riverkeeper, and Waterkeeper Alliance (collectively, "Plaintiffs").

## INTRODUCTION

1.      The allegations of the first sentence of Paragraph 1 purport to characterize the Supreme Court's opinion in *PUD No. 1 of Jefferson Cty. v. Wash. Dep't of Ecology*, 511 U.S. 700, 711-14 (1994), which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the opinion, they are denied. The allegations of the second sentence of Paragraph 1 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

2.      The allegations of Paragraph 2 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

3.      The allegations of Paragraph 3 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

4.      Defendants admit only that Section 401 requires that certifying authorities engage the public when making certification decisions. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and on that basis deny them.

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 5 and on that basis deny them. The allegations of the second sentence of Paragraph 5 purport to characterize permit conditions implemented by states under Section 401 of the Clean Water Act, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the conditions, they are denied. Defendants lack knowledge and information sufficient to

1

form a belief as to the truth of the allegations of the third sentence of Paragraph 5 and on that basis deny them.

6.       The allegations of Paragraph 6 purport to characterize CWA Section 401 regulations and certifications issued by South Carolina and other states, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations and certifications, they are denied.

7.       The allegations of Paragraph 7 purport to characterize Section 401 certifications granted by South Carolina and federal licenses and permits, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the certifications, licenses, and permits, they are denied.

8.       With regard to the allegations of Paragraph 8, Defendants admit only that EPA issues NPDES discharge permits in New Mexico.  Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of the Paragraph 8 and on that basis deny them.

9.       The allegations of Paragraph 9 consist of legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

10.      The allegations of Paragraph 10 purport to characterize a Supreme Court opinion and the CWA Section 401 Rule, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the opinion or the regulation, they are denied.

11.      The allegations of Paragraph 11 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.

12.      The allegations of the first sentence of Paragraph 12 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.  The allegations of the second sentence of Paragraph 12 purport to characterize the Clean Water Act, which speaks for

itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied.

13.    The allegations of the first and second sentences of Paragraph 13 purport to characterize the Navigable Waters Protection Rule: Definition of "Waters of the United States," which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations of the second sentence of Paragraph 13 also constitute legal conclusions, to which no response is required. To the extent a response is required, they are denied. Defendants admit the allegations of the third sentence of Paragraph 13.

14.    The allegations of the first sentence of Paragraph 14 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied. The allegations of the second sentence of Paragraph 14 consist of legal conclusions, to which no response is required. To the extent a response is required, they are denied.

15.    The allegations of the first, second, third, and fourth sentences of Paragraph 15 purport to characterize Clean Water Act regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, they are denied. The allegations of the fifth sentence of Paragraph 15 constitute legal conclusions, to which no response is required. To the extent a response is required, they are denied.

16.    The allegations of Paragraph 16 constitute legal conclusions, to which no response is required. To the extent a response is required, they are denied.

17.    The allegations of Paragraph 17 constitute legal conclusions, to which no response is required. To the extent a response is required, they are denied.

18.    The allegations of Paragraph 18 state Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief they seek.

**JURISDICTION AND VENUE**

19.    The allegations of Paragraph 19 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

20.    The allegations of Paragraph 20 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

**PLAINTIFFS**

21.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 22 and on that basis deny them.  With regard to the third sentence of Paragraph 22, Defendants admit only that the League joined comments to the proposed Section 401 Rule.  To the extent that the third sentence of Paragraph 22 characterizes the comments, the comments speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the comments, they are denied.

23.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25.    The allegations of Paragraph 25 constitute legal conclusions, to which no response is required.  To the extent a response is required, these allegations are denied.

26.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.    The allegations of the first sentence of Paragraph 28 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.  Defendants lack knowledge

4

and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 28 that purport to characterize the League's concerns about the Section 401 Rule and on that basis deny them. To the extent the second and third sentences of Paragraph 28 purport to characterize the Section 401 Rule, it speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that the League will spend additional effort advocating for protections under other processes, and on that basis deny them. The remainder of Paragraph 29 constitutes legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

30.     The allegations of the first sentence of Paragraph 30 are denied. Defendants lack information and knowledge sufficient to form a belief as to the truth of the second, third, fourth, and fifth sentences of Paragraph 30 and on that basis deny them. The allegations of the sixth sentence of Paragraph 30 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied.

31.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 31 and on that basis deny them. The allegations of the third and fourth sentences of Paragraph 31 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

32.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 32 and on that basis deny them. With regard to the third sentence of paragraph 32, Defendants admit only that the Society joined comments to the proposed Section 401 Rule. To the extent that the third sentence of Paragraph 32 characterizes the comments, the comments speak for themselves and are the best

evidence of their contents.  To the extent that the allegations are inconsistent with the comments, they are denied.

33.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 33.  The third sentence of Paragraph 33 purports to characterize a Section 401 certification by South Carolina, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the certification, they are denied.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of the fourth and fifth sentences of Paragraph 33.

34.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.    The allegations of Paragraph 35 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

36.    The allegations of the first sentence of Paragraph 36 are denied.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of Paragraph 36 and on that basis deny them.  The allegations of the fifth sentence of Paragraph 36 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

37.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 37 and on that basis deny them.  The allegations of the second sentence of Paragraph 37 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

38.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis deny them.

39.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis deny them.

40.    With regard to Paragraph 40, Defendants admit only that on October 21, 2019, Amigos Bravos submitted comments to EPA on the proposed Section 401 Rule.  Defendants

6

lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and on that basis deny them.

41.    Defendants admit the allegations of the first and second sentences of Paragraph 41. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 41 and on that basis deny them.

42.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 42 and on that basis deny them. The second sentence of Paragraph 42 purports to characterize federal discharge permits, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the permits, they are denied.

43.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of Paragraph 43 and on that basis deny them. The allegations of the third sentence of Paragraph 43 purport to characterize a federal discharge permit, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the permit, they are denied.

44.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 44 and on that basis deny them. The second and third sentences of Paragraph 44 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

45.    The allegations of the first sentence of Paragraph 45 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 45 and on that basis deny them.

46.    The allegations of Paragraph 46 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

47.    The allegations of the first sentence of Paragraph 47 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are

denied.  The allegations of the second sentence of Paragraph 47 are unduly vague or ambiguous, and Defendants on that basis deny them.

48.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 48 and on that basis deny them.  With regard to the third sentence of paragraph 48, Defendants admit only that NRDC submitted comments on the proposed Section 401 Rule.  To the extent that the third sentence of Paragraph 48 characterizes the comments, the comments speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the comments, they are denied.

49.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 49 and on that basis deny them.  To the extent the allegations of the second sentence of Paragraph 49 purport to characterize NRDC's actions or concerns, Defendants lack knowledge and information sufficient to form a belief as to the truth of these allegations and on that basis deny them.  The remaining allegations of the second sentence of Paragraph 49 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.  The allegations of the third and fourth sentences of Paragraph 49 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

50.    The allegations of Paragraph 50 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

51.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 51 and on that basis deny them.  With regard to the fifth sentence of paragraph 51, Defendants admit only that the Savannah Riverkeeper submitted comments on the proposed Section 401 Rule.  To the extent that the fifth sentence of Paragraph 51 characterizes the comments, the comments speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the comments, they are denied.

52.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 52 and on that basis deny them.  The allegations of the second sentence of Paragraph 52 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

53.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, and third sentences of Paragraph 53 and on that basis deny them.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 53 that purport to characterize the Savannah Riverkeeper's concerns about the Section 401 Rule and on that basis deny them.  To the extent the fourth sentence of Paragraph 28 purports to characterize the Section 401 Rule, it speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.

54.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, third, fourth, and fifth sentences of Paragraph 54 and on that basis deny them.  The allegations of the sixth sentence of Paragraph 54 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.

55.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 55 and on that basis deny them.  With regard to the third sentence of paragraph 55, Defendants admit only that Waterkeeper Alliance submitted comments to the proposed Section 401 Rule.  To the extent that the third sentence of Paragraph 55 characterizes the comments, the comments speak for themselves and are the best evidence of their contents.  To the extent that the allegations are inconsistent with the comments, they are denied.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the fourth and fifth sentences of Paragraph 55 and on that basis deny them.

56.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph 56 and on that basis deny

9

them.  The first sentence of Paragraph 56 also contains a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations of the third sentence of Paragraph 56 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

57.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, and third sentences of Paragraph 57 and on that basis deny them.  The allegations of the fourth sentence of Paragraph 57 constitute a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.

58.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 58 and on that basis deny them.  The allegations of the second sentence of Paragraph 59 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.  The allegations of the third sentence of Paragraph 58 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

59.    The allegations of Paragraph 59 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

60.    The allegations of Paragraph 60 constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

61.    The allegations of Paragraph 61 constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

62.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them. Furthermore, the allegations of paragraph 62 are unduly vague and Defendants also deny on that basis.

63.    The allegations of Paragraph 63 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

10

64.     The allegations of Paragraph 64 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

65.     The allegations of Paragraph 65 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

66.     The allegations of Paragraph 66 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

67.     The allegations of Paragraph 67 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

68.     The allegations of Paragraph 68 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

69.     The allegations of Paragraph 69 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

<b>DEFENDANTS</b>

70.     Defendants admit the allegations of the first sentence of Paragraph 70.  The second sentence of Paragraph 70 purports to characterize an Executive Order, which speaks for itself and provides the best evidence of its contents.  To the extent the allegations are inconsistent with the Executive Order, they are denied.  The allegations of the second sentence of Paragraph 70 also contain legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

71.     The allegations of Paragraph 71 purport to characterize EPA's mission statement, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statement, they are denied.

72.     Defendants admit the allegations of the first and second sentences of Paragraph 72.  The allegations of the third sentence of Paragraph 72 purport to characterize Plaintiffs' action, and no response is required.  To the extent a response is required, the allegations are denied.

<b>LEGAL BACKGROUND</b>

**I.     The Administrative Procedure Act**

11

73.     The allegations of Paragraph 73 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

74.     The allegations of Paragraph 74 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

75.     The allegations of Paragraph 75 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

76.     The allegations of Paragraph 76 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

77.     The allegations of Paragraph 77 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

**II.     The Clean Water Act**

78.     The allegations of Paragraph 78 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

79.     The allegations of Paragraph 79 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

80.     The allegations of Paragraph 80 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

81.     The allegations of the first sentence of Paragraph 81 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent

12

the allegations are inconsistent with the statute, they are denied.  Defendants admit the allegations of the second and third sentences of Paragraph 81.

82.    The allegations of Paragraph 82 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

83.    The allegations of the first sentence of Paragraph 83 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.  The allegations of the second sentence of Paragraph 83 purport to characterize statements made by EPA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statements, they are denied.

84.    The allegations of Paragraph 84 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

85.    The allegations of Paragraph 85 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

86.    The allegations of Paragraph 86 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

87.    The allegations of Paragraph 87 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

88.    The allegations of Paragraph 88 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

13

89.    The allegations of Paragraph 89 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

90.    The allegations of Paragraph 90 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

91.    The allegations of Paragraph 91 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

92.    The allegations of Paragraph 92 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

93.    The allegations of Paragraph 93 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

94.    The allegations of Paragraph 94 purport to characterize Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

95.    The allegations of Paragraph 95 purport to characterize a Circuit court opinion addressing Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

96.    The allegations of Paragraph 96 purport to characterize Circuit court opinions addressing Section 401 of the Clean Water Act, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the opinions, they are denied.

97.    The allegations of Paragraph 97 purport to characterize a Circuit court opinion addressing Section 401 of the Clean Water Act, which speaks for itself and is the best evidence

14

of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

98.    The allegations of Paragraph 98 purport to characterize Circuit court opinions addressing Section 401 of the Clean Water Act, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the opinions or constitute legal conclusions, they are denied.

99.    The allegations of Paragraph 99 purport to characterize a Circuit court opinion addressing Section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

100.    The allegations of Paragraph 100 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

101.    The allegations of Paragraph 101 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

102.    The allegations of Paragraph 102 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

103.    The allegations of Paragraph 103 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

104.    The allegations of Paragraph 104 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

105.    The allegations of Paragraph 105 purport to characterize a Supreme Court opinion, *S.D. Warren Co. v. Me. Bd. Of Envtl. Prot.*, 547 U.S. 370, which speaks for itself and is

the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

106.    The allegations of Paragraph 106 purport to characterize a Supreme Court opinion, *S.D. Warren Co.*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

107.    The allegations of Paragraph 107 purport to characterize a Supreme Court opinion, *S.D. Warren Co.*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

108.    The allegations of Paragraph 108 purport to characterize unspecified EPA guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

109.    The allegations of Paragraph 109 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

110.    The allegations of Paragraph 110 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

111.    The allegations of Paragraph 111 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

112.    The allegations of Paragraph 112 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

113.    The allegations of Paragraph 113 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

16

114.     The allegations of Paragraph 114 purport to characterize EPA's 1989 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

115.     The allegations of Paragraph 115 purport to characterize EPA's April 2010 Section 401 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

116.     The allegations of Paragraph 116 purport to characterize EPA's April 2010 Section 401 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

117.     The allegations of Paragraph 117 purport to characterize EPA's April 2010 Section 401 guidance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the guidance, they are denied.

## FACTS

### I.     Executive Order

118.     The allegations of Paragraph 118 purport to characterize section 401 of the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.  The allegations of Paragraph 118 also purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

119.     Defendants admit only that on April 10, 2019, the President issued Executive Order Number 13,868. The remainder of the allegations of Paragraph 119 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

120.     The allegations of Paragraph 120 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

17

121.    The allegations of Paragraph 121 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

122.    The allegations of Paragraph 122 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

123.    The allegations of Paragraph 123 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

124.    Defendants admit only that it proposed interim guidance *Clean Water Act Section 401 Guidance For Federal Agencies, States and Authorized Tribes* on June 7, 2019; on August 22, 2019, it published the proposed 401 Certification Rule; and on July 13, 2020, EPA published the final 401 Certification Rule in the Federal Register.  The remainder of the allegations purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

## II.    Proposed Section 401 Rule

125.    The allegations of Paragraph 125 purport to characterize EPA's proposed Section 401 regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed regulations, they are denied.

126.    The allegations of Paragraph 126 purport to characterize EPA's proposed Section 401 regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed regulations, they are denied.

127.    The allegations of Paragraph 127 purport to characterize EPA's proposed Section 401 regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed regulations or constitute legal conclusions, they are denied.

128.    The allegations of the first and second sentences of Paragraph 128 purport to characterize statements made by EPA, which speak for themselves and are the best evidence of

18

their contents.  To the extent the allegations are inconsistent with these statements, they are denied.  The allegations of the third sentence of Paragraph 128 purport to characterize a letter written by Sheila C. Holman, Assistant Secretary for the Environment in the North Carolina Department of Environmental Quality, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with this letter, they are denied.

129.    The allegations of Paragraph 129 purport to characterize EPA's proposed Section 401 regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed regulations, they are denied.

130.    The allegations of Paragraph 130 purport to characterize EPA's proposed Section 401 regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the proposed regulations, they are denied.

131.    The allegations of Paragraph 131 are denied.

132.    The allegations of Paragraph 132 purport to characterize EPA's Economic Analysis, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the document, they are denied.

133.    The allegations of Paragraph 133 purport to characterize statements made by EPA, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statements, they are denied.

134.    Defendants admit the allegations of Paragraph 134.

### III.    Final Rule

135.    Defendants admit only that the 401 Certification Rule was signed on June 1, 2020, and the Rule was published in the Federal Register on July 13, 2020. The remaining allegations of Paragraph 135 purport to characterize Executive Order 13,868, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, they are denied.

136.    The allegations of Paragraph 136 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

19

137.    The allegations of Paragraph 137 purports to characterize the Executive Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order or constitute legal conclusions, they are denied.

138.    The allegations of Paragraph 138 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

139.    The allegations of Paragraph 139 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

140.    The allegations of Paragraph 140 constitute a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.

141.    The allegations of Paragraph 141 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

142.    The allegations of Paragraph 142 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

143.    The allegations of Paragraph 143 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

144.    The allegations of the first sentence of Paragraph 144 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.  The allegations of the second sentence of Paragraph 144 constitute legal conclusions and purport to characterize a South Carolina statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

145.    The allegations of Paragraph 145 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

20

146.     The allegations of Paragraph 146 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

147.     The allegations of Paragraph 147 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

148.     The allegations of Paragraph 148 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

149.     The allegations of Paragraph 149 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

150.     The allegations of Paragraph 150 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

151.     The allegations of Paragraph 151 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

152.     The allegations of Paragraph 152 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

153.     The allegations of Paragraph 153 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

154.     The allegations of Paragraph 154 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

155.     The allegations of Paragraph 155 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

156.    The allegations of Paragraph 156 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

157.    The allegations of Paragraph 157 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied.

158.    The allegations of Paragraph 158 constitute legal conclusions, to which no response is required.  To the extent a response is required, they are denied. The allegations also purport to characterize two provisions of the Virginia Administrative Code, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulation or the statute, they are denied.

159.    The allegations of Paragraph 159 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

160.    The allegations of Paragraph 160 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

161.    The allegations of Paragraph 161 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

**FIRST CLAIM FOR RELIEF**

162.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

163.    The allegations of Paragraph 163 purport to characterize a Supreme Court decision and the Clean Water Act, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the decision or the statute or constitute legal conclusions, they are denied.

164.    The allegations of Paragraph 164 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

165.    The allegations of Paragraph 165 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

22

166.    The allegations of Paragraph 166 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

167.    The allegations of Paragraph 167 constitute a legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

**SECOND CLAIM FOR RELIEF**

168.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

169.    The allegations of Paragraph 169 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

170.    The allegations of Paragraph 170 purport to characterize a Supreme Court opinion, *PUD No. 1*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

171.    The allegations of the first sentence of Paragraph 171 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations of the second sentence of Paragraph 171 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

172.    The allegations of Paragraph 172 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

173.    The allegations of Paragraph 173 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

**THIRD CLAIM FOR RELIEF**

174.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

175.    The allegations of Paragraph 175 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

176.    The allegations of Paragraph 176 purport to characterize unspecified state public participation procedures, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those procedures, they are denied.

177.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.    The allegations of Paragraph 178 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

179.    The allegations of Paragraph 179 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

180.    The allegations of Paragraph 180 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

181.    The allegations of Paragraph 181 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

182.    The allegations of Paragraph 182 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

183.    The allegations of Paragraph 183 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

184.    The allegations of Paragraph 184 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

**FOURTH CLAIM FOR RELIEF**

185.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

24

186.    The allegations of Paragraph 186 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

187.    The allegations of Paragraph 187 purport to characterize CWA Section 401, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

188.    The allegations of Paragraph 188 purport to characterize CWA Section 401, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

189.    The allegations of Paragraph 189 constitute a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.

190.    The allegations of Paragraph 190 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations of Paragraph 190 also purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.

191.    The allegations of Paragraph 191 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

192.    The allegations of Paragraph 192 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

## FIFTH CLAIM FOR RELIEF

193.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

194.    The allegations of Paragraph 194 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

195.    The allegations of Paragraph 195 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

25

196.    The allegations of Paragraph 196 purport to characterize the Section 401 Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation or constitute legal conclusions, they are denied.

197.    The allegations of Paragraph 197 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

198.    The allegations of Paragraph 198 constitute a legal conclusion, to which no response is required.  To the extent a response is required, the allegations are denied.

199.    The allegations of Paragraph 199 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

200.    The allegations of Paragraph 200 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

### SIXTH CLAIM FOR RELIEF

201.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

202.    The allegations of Paragraph 202 purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute or constitute legal conclusions, they are denied.

203.    The allegations of Paragraph 203 purport to characterize the Supreme Court's opinion in *S.D. Warren*, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion or constitute legal conclusions, they are denied.

204.    The allegations of Paragraph 204 purport to characterize Supreme Court opinions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the opinions or constitute legal conclusions, they are denied.

205.    The allegations of Paragraph 205 purport to characterize the Section 401 Rule and Supreme Court opinions, which speak for themselves and are the best evidence of their

contents.  To the extent the allegations are inconsistent with the regulation or the opinions or constitute legal conclusions, they are denied.

206.    The allegations of Paragraph 206 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

207.    The allegations of Paragraph 207 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

**SEVENTH CLAIM FOR RELIEF**

208.    Defendants repeat and incorporate by reference their prior responses to the allegations in the Complaint.

209.    The allegations of Paragraph 209 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

210.    The allegations of Paragraph 210 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

211.    The allegations of Paragraph 211 purport to characterize the Section 401 Rule and its record, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulation or the record or constitute legal conclusions, they are denied.

212.    The allegations of Paragraph 212 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

213.    The allegations of Paragraph 213 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

214.    The allegations of Paragraph 214 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

215.    The allegations of Paragraph 215 constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

## REQUEST FOR RELIEF

The remaining allegations in the Complaint constitute Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever. Judgment should be entered in favor of Defendants.

Respectfully submitted,

Date: November 13, 2020

ERIC GRANT
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*s/Vanessa R. Waldref*

VANESSA R. WALDREF (D.C. Bar No. 989692)
Vanessa.R.Waldref@usdoj.gov
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
ELISABETH H. CARTER (N.Y. Bar No. 5733274)
Elisabeth.Carter@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.149
Washington, D. C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

_Attorneys for Defendants_


PETER M. MCCOY, JR.
UNITED STATES ATTORNEY


_s/ Beth Drake_
BETH DRAKE
Assistant United States Attorney
Federal ID # 5598
1441 Main Street, Suite 500
Columbia, SC  29201
(803) 929-3061
Beth.Drake@usdoj.gov

29

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Answer to the Complaint to be filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


Date: November 13, 2020                                        _s/ Beth Drake_

30